**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRI JOETTE TILLETT, | No. 17-35399 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00148-SPW-TJC |
| v. | |
| BUREAU OF LAND MANAGEMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jerri Joette Tillett appeals pro se from the district court's order denying her

motion for a preliminary injunction in her action challenging the Bureau of Land

Management, Interior Board of Land Appeals, and the United States Department of

the Interior's (collectively, "BLM") management of the Pryor Mountain Wild

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Horse Range ("PMWHR"). We have jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Tillett's request for preliminary injunctive relief. *See id.* (setting forth standard for issuance of preliminary injunction). Tillett failed to demonstrate that she would likely suffer irreparable harm from the use of control burns on the PMWHR in light of BLM's agreement to delay implementing such control burn measures until at least September 2017. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be."). Tillett also failed to demonstrate a likelihood of success on the merits of her challenge to the use of pesticides and herbicides on the PMWHR in light of the district court's prior denial of her nearly identical claims. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (setting forth test for application of the doctrine of res judicata).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts

not presented to the district court are not part of the record on appeal.").

We reject as unsupported by the record Tillett's contentions regarding alleged judicial misconduct.

**AFFIRMED.**